Welch, J.
We think the court was wrong in its instructions to the jury as to the law of self-defense. Homicide is justifiable on the ground of self-defense, where the slayer, in the careful and proper use of his faculties, bona fide believes, and has reasonable ground to believe, that he is in imminent danger of death or great bodily harm, and that his only means of escape from such danger will be by taking the life of his assailant, although in fact he is mistaken as to the existence or imminence of the danger *168 The fact of the existence of such danger is not an indispensable requisite.
Such being the law of the case, it follows, we think, that the court erred in ruling out the evidence of the “ violent, vicious, and dangerous character” of the deceased. That evidence, offered as it was in connection with proof that this character of deceased was known to defendant, was competent for the purpose of showing that the homicide was justifiable on the ground of self-defense. It tended to show the quo animo of the prisoner, and it was for the jury to determine its weight. It could only be used for that single purpose, and could not be considered or used for the purpose of disproving the homicide, or of showing that the prisoner was assaulted, attacked, or menaced by the deceased. It will be observed that the evidence so offered and rejected was not evidence of the reputation of the deceased, but evidence of his “ character.” We suppose that evidence of the reputation of the deceased as being a vicious, violent, or dangerous person, could only be given after the introduction of testimony tending to show that such was in fact his character, and then only for the purpose of proving that the prisoner had notice of that character. In other words, the dangerous character of the deceased can not be proved by proof of his reputation, but notice of that character to the prisoner may be shown by proof of such reputation, in connection with proof that the prisoner had the means of knowing that reputation.
We are also of opinion that the court erred in rejecting the testimony offered to impeach the witness recalled by the state. As we understand the record, it was not until the witness was recalled that she testified to anything that was disputed, either by the defendant or any of his witnesses, and therefore he had no occasion to impeach her until after her re-examination. To hold that it was too late then to impeach her, would be to require him to impeach a witness whose testimony he believed to be true, or rather to deny him the right of impeachment altogether.
Ve hold also that the court should have instructed tho *169 jury, as requested, that it was competent for them, if, in their opinion, the evidence justified it, to find the defendant guilty of an assault and battery only, and that the refusal of the court to give such an instruction was error to the prejudice of the defendant. It is true that if death resulted from the unlawful assault and battery, the assailant was guilty of manslaughter; but the jury might have foumj. that it resulted from some other cause. Had the court charged the jury, that if they found that the death resulted from the assault and battery, they could not properly find him guilty of assault and battery only, the charge would have been right.
Several other assignments of error are made upon the record; but we deem it unnecessary to notice them, further than to say, that in our judgment they are not maintainable

Judgment reversed and cause remanded.

McIlvaine, 0. J., White, Rex, and Gilmore, JJ., concurred.